HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
KARA R. OTTERVANGER, FL SBN #0112110
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950
Kara_Ottervanger@fd.org

Counsel for Defendant
VALENTIN CARDENAS GONZALES

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALENTIN CARDENAS GONZALES,<br><br>Defendant. | Case No. 1:22-cr-00092-JLT<br><br>UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; ORDER<br><br>Judge: Hon. Jennifer L. Thurston |

The defense moves this Court for an order terminating supervised release for the above-named defendant. Defense counsel, Assistant Federal Defender Kara Ottervanger, has conferred with counsel for the government, Assistant United States Attorney Jeffrey Spivak, as well as United States Probation Officer Natali Valdivia, and neither the government nor probation has any objection to this request.

Title 18 U.S.C. § 3583(e)(1) grants this Court the power to terminate a term of supervised release at any time after the expiration of one year on a felony case, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c),[1] provided the Court is satisfied that such action

---

[1] Federal Rule of Criminal Procedure 32.1(c)(1) generally requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." However, no hearing is required if the defendant waives the hearing. Fed. R. Crim. P. 32.1(c)(2)(A). Nor is a hearing required if the relief is favorable to the defendant and the government does not object. Fed. R. Crim. P. 32.1(c)(2)(A) and (B). Under both provisions, no hearing is required here.

is warranted by the conduct of the defendant and in the interests of justice. *See* 18 U.S.C. § 3564(c); *see also United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022) (clarifying that early termination of supervised release is not just reserved for rare cases involving exceptionally good behavior).

Mr. Gonzales was initially found guilty by a jury in the Eastern District of Washington and was convicted of two counts of 18 U.S.C. § 2241(c) (Aggravated Sexual Abuse of a Minor) and two counts of 18 U.S.C § 2244(a)(5) (Abusive Sexual Contact with a Minor), for which he was sentenced on December 4, 2013, to 360 months in BOP custody followed by a lifetime term of supervised release. *See* Eastern District of Washington (Spokane) Case No. 2:13-cr-0022-TOR at Doc. 126 (jury verdict) and Doc.141 (judgment).

Subsequently, Mr. Gonzales was resentenced on March 17, 2020, pursuant to a successful 28 U.S.C. § 2255 motion to vacate regarding counts one and two, for Aggravated Sexual Abuse of a Minor. *See United States v. Gonzales*, 775 Fed. Appx. 326, 327 (9th Cir. 2019) (unpublished). On remand, counts one and two were dismissed and Mr. Gonzales was resentenced for counts three and four, Abusive Sexual Contact with a Minor, to a term of time served, approximately 86 months, followed by a term of eight years on supervised release. *See* Eastern District of Washington (Spokane) Case No. 2:13-cr-0022-TOR at Doc. 220 (judgment).

Mr. Gonzales's term of supervision began on March 17, 2020. On March 30, 2022, Mr. Gonzales's supervised release was transferred to the Eastern District of California.

For the 40 months that he has been on supervision, Mr. Gonzales has not violated any of the terms of his supervised release. Mr. Gonzales is currently living with his daughter, Linda Rodriguez, in Riverdale. With the assistance of a caregiver provided by In Home Supportive Services, Ms. Rodriguez provides care for Mr. Gonzales, who has been suffering advanced stage dementia for nearly a decade. On May 13, 2020, at his first medical appointment upon being released from prison in March, Mr. Gonzales was seen by Pamela Madala, NP at Adventist Health in Selma. NP Madala noted "Diagnosis: Dementia worsening over the last 3 years" and that "He lived in Washington. He says he lived in Texas – where he was born. He is not oriented to time, year, place, his other children's names, president." *See* Exhibit A at 1. By his next visit less than a month later, NP Madala noted that Mr. Gonzales's dementia "seems to be worsening. He is now

hallucinating. . . His symptoms worsen at dusk." *Id*. at 5. On July 1, 2020, Mr. Gonzales was seen by Vladimir Royter, MD at Adventist Health, who noted "Patient presents with . . . memory loss, gradually getting worse within the last several years. Patient forgets names, conversation lines, daily tasks, etc. . . . Patient reports family history of dementia. Patient needs help in all activities of daily living, family reports sundowning." *Id*. at 8. Dr. Royter prescribed two medications to assist with the dementia symptoms: Aricept (generic: Donepezil) and Seroquel. *Id*. at 9.

On February 23, 2022, Dr. Royter noted that Mr. Gonzales was under his care "due to advanced stage dementia. He is currently not capable of making own decisions about his health and financial affairs." *Id*. at 13. On July 6, 2022, Dr. Royter noted that Mr. Gonzales's "[m]emory is declining" due to dementia. *Id.* at 14. This has continued to present day. *See, e.g., id*. at 17 (November 29, 2022, visit for COVID; Dementia listed as "Active Problem.").

Ms. Rodriguez states that due to his dementia, Mr. Gonzales often does not know who she is, or where he is. He also rarely has a recollection that he is on supervised release, or why. Usually, Mr. Gonzales will have no idea who his probation officer is when she meets with him. US Probation Officer Natali Valdivia confirmed that when she has interacted with Mr. Gonzales during home visits "he has confused the city he lives in … has called his daughter by a different name numerous times, and … he would continuously ask who I was," unaware that he is on federal supervision. Mr. Gonzales' lack of understanding of who or where he is makes supervision largely superficial. Mr. Gonzales hardly ever leaves the home, and when he does, he is escorted by family members or healthcare professionals. At 85 years old, Mr. Gonzales requires assistance with activities of daily living due to his advanced age and myriad health issues, among which advanced dementia is just one serious ailment.

On June 12, 2023, Mr. Gonzales' probation officer, Natali Valdivia, indicated that probation does not oppose early termination in Mr. Gonzales's case due to the unique circumstances described above. Similarly, on June 27, 2023, Assistant United States Attorney Jeffrey Spivak indicated via email that the government joins probation in not objecting to early termination.

//

1    Based on the foregoing, early termination of supervised release is warranted based on Mr. Gonzales' condition and is in the interest of justice.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated: July 18, 2023

*/s/ Kara R. Ottervanger*
KARA R. OTTERVANGER
Attorney for Defendant
VALENTIN CARDENAS GONZALES

**O R D E R**

Pursuant to 18 U.S.C §3583(e)(1), the Court hereby TERMINATES the term of supervised release imposed in this case and discharges Mr. Gonzales for the reasons set forth above.

IT IS SO ORDERED.

Dated:   **July 19, 2023**

_____
UNITED STATES DISTRICT JUDGE